IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| In re: | ) |
| | )    **CHAPTER 7** |
| **PHYLLIS FLICK AUSTIN,** | ) |
| | )    **CASE NO. 15-70133** |
| Debtor. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on the Chapter 7 Trustee's ("Trustee's") Motion Regarding Surplus Funds ("Trustee's Motion") and the Debtor's Motion to Quash Trustee's Motion Regarding Surplus Funds and for Trustee to Abandon and Release to Debtor Funds Held by Trustee ("Debtor's Motion"). The Court held a hearing on these motions on September 19, 2016, at which time the parties were directed to submit briefs on the issues presented. The Debtor,[1] the Trustee, and the United States Trustee ("UST") each submitted briefs on the issue, and the matter is ripe for resolution. For the reasons set forth below, the Court will deny the Trustee's Motion Regarding Surplus Funds, grant Debtor's Motion to Quash the Trustee's Motion Regarding Surplus Funds, and deny the Debtor's Motion for Trustee to Abandon and Release to Debtor Funds Held by Trustee.

STATEMENT OF THE CASE

The Debtor filed her Chapter 7 petition on February 2, 2015, and George A. McLean, Jr. was appointed Trustee. (Docket No. 1). The Debtor listed an "Inchoate Interest in Inheritance Property" valued at $1.00 on Schedule B – Personal Property. (*Id.*). On the date the petition was

---

[1] The Debtor is represented in this matter by two attorneys. Both appeared at the September 19, 2016 hearing and both have submitted briefs on the issue.

1

filed, the Clerk of the Court issued its standard Notice of Chapter 7 Bankruptcy Case. (Docket Nos. 5 & 6). This notice instructed creditors "Please Do Not File a Proof of Claim Unless You Receive a Notice to Do So." (*Id.*). The Meeting of Creditors was held on February 26, 2015, wherein the Debtor appeared and was examined by the Trustee on matters related to her bankruptcy petition, including her interest in the Estate of Sarah F. Flick, deceased. (Debtor's Motion ¶ 2). On April 17, 2015, the Trustee designated this case as an "asset case" and requested the Clerk of Court issue notice to all creditors to file proofs of claims. (Docket No. 8). The Clerk did so and all non-governmental creditors were to file proofs of claims on or before July 20, 2015. (Docket No. 9). Also on April 17, 2015, the Trustee notified Michael H. Flick, administrator of the Estate of Sarah F. Flick, deceased, that he had been appointed as the Trustee in the Debtor's bankruptcy case and that any proceeds owed to the Debtor from the Estate of Sarah F. Flick should be forwarded to him. (Debtor's Motion ¶ 3). The Court entered an Order of Discharge on April 28, 2015. (Docket Nos. 11 & 12). On August 22, 2106, the Trustee acknowledged receipt of $23,989.71 from the Estate of Sarah F. Flick. (Debtor's Motion ¶ 7). To date, no claims have been filed by any creditors.

The Trustee filed his Motion Regarding Surplus Funds on August 29, 2016. (Docket No. 13). This motion seeks an Order "directing the Trustee to notice all creditors and parties in interest of surplus funds and directing those creditors to file proofs of claims within twenty-one (21) days from the date of such notice being given to creditors." (*Id.* at 1). The Debtor filed her Motion to Quash Trustee's Motion Regarding Surplus Funds and to Abandon and Release to Debtor Funds Held by Trustee on September 12, 2016. (Docket No. 15). In her motion, the Debtor asserts that the Court lacks authority to extend the deadline by which creditors may file proofs of claims. (*Id.* ¶ 9). In addition, the Debtor asserts that "all creditors should be barred

from sharing in any distribution of the recovered finds from the debtors estate by the Trustee due to their failure to timely file proof of claims in accordance with Bankruptcy Rule 3002(c)(5)." (*Id.*). The Debtor concludes that, as no creditors are entitled to share in the administration and distribution of the funds of the Debtor's estate, the assets should be abandoned and released to the Debtor. (*Id.* ¶ 10).

The Court held a hearing on the motions on September 19, 2016. At the hearing, the Trustee, both counsel for the Debtor, and counsel for the UST offered their arguments as to (1) whether the Court has the authority to set a second claims bar deadline, and (2) whether the Trustee has statutory authority to distribute funds to a creditor who files a tardily-filed proof of claim. The Court directed the parties to two cases, *In re Valerino Construction, Inc.*, 275 B.R. 684 (Bankr. W.D. N.Y. 2002), and *In re Lewis*, Case No. 05-1605-MGD, 2006 WL 6589902, at *1 (Bankr. N.D. Ga. March 13, 2006), and instructed the parties to submit briefs on these issues. Each has done so, and the Court is prepared to resolve the matter without further hearing.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O).

The Bankruptcy Code provides for distributions to be made based upon tardily-filed proofs of claims in two circumstances. The first is the circumstance in which a creditor files a proof of claim after the bar date has passed, but did not have notice or actual knowledge of the case in time to timely file a proof of claim. 11 U.S.C. § 726(a)(2)(C). The second circumstance,

3

which is entitled to a lower-priority distribution, is the case in which a proof of claim is tardily-filed for reasons other than those specified in Section 726(a)(2)(C). 11 U.S.C. § 726(a)(3). It is clear that in this case, were a creditor to file an otherwise allowable proof of claim, the creditor would be entitled to a distribution under one of these two provisions. Thus, the Trustee has statutory authority to make distributions to creditors who file untimely proofs of claims.

The question remains as to whether the Trustee or the Court has the authority to solicit tardily-filed proofs of claims in this case. As a threshold matter, the parties here are in agreement that the Code and the subsequent cases make clear that the Court is without authority to set a new claims bar deadline under Rules 3002(c) or 9006(b). *See In re Valerino Construction, Inc.*, 275 B.R. 684, 687 (Bankr. W.D. N.Y. 2002) ("Once the bar date has been set pursuant to Rule 3002(c) and it has passed, other than for the exceptions set forth in Sections 3002(c)(1) through (4) . . . neither the Clerk nor the Bankruptcy Court has the power or authority to extend the bar date."); *In re Lewis*, Case No. 05-1605-MGD, 2006 WL 6589902, at *1 (Bankr. N.D. Ga. March 13, 2006) ("Rule 3002(c) provides for the time for filing a proof of claim in a chapter 7 proceeding and other than for very limited exceptions not applicable in this case, does not allow for an extension of time for creditors to file claims beyond the notice provided by the clerk.").

The Trustee here, however, is not seeking to enlarge the deadline by which to file a *timely* proof of claim. (Trustee's Brief at 4–5). Rather, he is seeking to set a deadline by which *untimely* proofs of claims must be filed. (*Id.*). The Code is not as clear as to whether there is authority to solicit untimely proofs of claims in cases in which there have been no proofs of claims filed. The Trustee's brief directs the Court to United States Trustee Form 704-13—a form last revised in May of 1999. (*Id.* at 4). This form was based upon a long-since removed provision of Rule 3002 that explicitly allowed the Court to grant an extension of time for creditors to file proofs of

4

claims in Chapter 7 cases in which a surplus remained. As this rule was abrogated in 1996, the Court does not find this form to be persuasive authority on the issue.

The United Stated Bankruptcy Court for the Northern District of West Virginia addressed this issue in *In re Collins*, Case No. 13-545, 2014 WL 1682868, at *1 (Bankr. N.D. W. Va. Apr. 29, 2014). There, as in the present case, the Trustee sought to issue a second asset notice after the claims bar deadline had passed to generate additional proofs of claims after the Debtor received a substantial cash inheritance. The Court found that "a second solicitation for claims emanating from the court or clerk should not be issued absent extraordinary circumstances, and the expense of any subsequent solicitation should not be borne by the judiciary." *Id.* at *2. The Court went on to specify, however, that nothing in the Code or Rules prevents the *Trustee* from soliciting additional untimely proofs of claim at his own expense. *Id.* Indeed, such solicitation may be consistent with his duty under 11 U.S.C. § 704(a)(1).[2] *Id.*

The Court is in agreement with the reasoning set forth in *Collins.* It would be inappropriate for the Court or the Clerk to send a second notice to creditors without statutory authority to do so. However, if the Trustee at his own expense sees fit to solicit tardily-filed proofs of claims from creditors in this case, it is within his discretion to hold the case open for a reasonable period of time to do so.[3] After a reasonable period of time has passed, however, it is both the Trustee's duty and obligation to furnish a final report, close the case, and refund the remaining property of the estate to the Debtor. 11 U.S.C. § 704(a); 11 U.S.C. § 726(a)(6).

---

[2] Section 704(a)(1) of the Bankruptcy Code provides as follows: "The trustee shall—(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest; . . . ."

[3] While the Trustee may solicit creditors to file untimely proofs of claims under 11 U.S.C. § 501(a), Section 726 does not provide for any distributions to be made based upon untimely claims filed by the Trustee pursuant to Section 501(c).

CONCLUSION

For the foregoing reasons, the Court will deny the Trustee's Motion Regarding Surplus Funds. The Court will grant the Debtor's Motion to Quash Trustee's Motion Regarding Surplus Funds and deny the Debtor's Motion to Abandon and Release to Debtor Funds Held by Trustee. A separate Order will be entered contemporaneously herewith.

Entered: October 5, 2016

_____
UNITED STATES BANKRUPTCY JUDGE